ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| GUADALUPE CRUZ SANTANA JESENIA CRUZ RODRÍGUEZ<br><br>Apelante<br><br>v.<br><br>MARITZA MOJICA SANABRIA KRISTAL CRUZ MOJICA WILLIAM G. CRUZ MOJICA<br><br>Apelada | KLAN202301132 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm. HU2019CV00709 (Salón 208)<br><br>Sobre:<br><br>Sentencia Declaratoria, Liquidación de Comunidad Hereditaria |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparecen el Sr. Guadalupe Cruz Santana y la Sra. Jesenia Cruz Rodríguez mediante un recurso de apelación y nos solicitan que revisemos la *Sentencia Sumaria Parcial* dictada y notificada el 25 de abril de 2022 por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante TPI).[1] Mediante este dictamen, el TPI declaró Ha Lugar la *Moción de Solicitud de Sentencia Sumaria* presentada el 17 de diciembre de 2021 por la parte demandante-apelante en cuanto a la causa de acción de sentencia declaratoria; y No Ha Lugar en cuanto a la de liquidación de comunidad hereditaria.

---

[1] Apéndice I de la *Apelación*, págs. 1- 23.

Por los fundamentos que expondremos, se confirma la *Sentencia Sumaria Parcial* apelada.

**I**

El 17 de mayo de 2019, el Sr. Guadalupe Cruz Santana y su hija Sra. Jesenia Cruz Rodríguez (en adelante, parte demandante-apelante) presentaron una *Demanda* sobre desahucio en precario en contra de la Sra. Maritza Mojica Sanabria,[2] la joven Kristal Cruz Mojica, y el menor W.G.C.M.[3] (en adelante, parte demandada-apelada).[4] Posteriormente, la demanda fue enmendada con el fin de incluir una solicitud de sentencia declaratoria y liquidación de la comunidad hereditaria de la Sra. Francisca Rodríguez García.[5] En la demanda, la parte demandante-apelante alegó que el Sr. Guadalupe Cruz Santana y su fenecida esposa, la Sra. Francisca Rodríguez García, eran los titulares de una propiedad sita en el Barrio Arenas del Municipio de Las Piedras, sobre la cual construyeron una estructura para uso residencial. Luego del fallecimiento de la Sra. Francisca Rodríguez García, el Sr. Guadalupe Cruz Santana otorgó una escritura pública mediante la cual le cedió el derecho de superficie sobre el vuelo de la estructura existente a su hijo William Cruz Rodríguez para que este construyera su residencia.[6] El Sr. William Cruz Rodríguez posteriormente falleció y los demandados y aquí apelados (viuda e hijos del Sr. William Cruz Rodríguez) continuaron viviendo en la residencia que se construyó en el segundo nivel.

---

[2] La Sra. Maritza Mojica Sanabria es viuda del Sr. William Cruz Rodríguez, fenecido hijo del Sr. Guadalupe Cruz Santana y su fenecida esposa, la Sra. Francisca Rodríguez García; y hermano de la Sra. Jesenia Cruz Rodríguez.

[3] La joven Kristal Cruz Mojica, y el menor W.G.C.M. son hijos del Sr. William Cruz Rodríguez y la Sra. Maritza Mojica Sanabria, por lo que también son nietos del Sr. Guadalupe Cruz Santana y la Sra. Francisca Rodríguez García y sobrinos de la Sra. Jesenia Cruz Rodríguez

[4] Apéndice V de la *Apelación*, págs. 46-48.

[5] Apéndice VI de la *Apelación*, págs. 49-51.

[6] Escritura Núm. 4 sobre *Cesión de Derecho de Superficie* otorgada el 20 de febrero de 2010 ante la Notaria Público Roxana I. Soto Aguilú.

La parte demandante-apelante alegó en la demanda que dicha escritura de cesión era nula debido a que no comparecieron para su otorgamiento todos los miembros de la Sucesión de la Sra. Francisca Rodríguez García, quien era cotitular de la propiedad;[7] y que, no obstante, los demandados y aquí apelados detentaban la posesión de la residencia que construyó el Sr. William Cruz Rodríguez alegando tener un derecho de superficie sobre el segundo nivel de la propiedad, en virtud de dicha escritura.

Entre otros remedios, la parte demandante-apelante solicitó en la demanda que se declarara nula la escritura de cesión en cuestión; se liquidara la comunidad hereditaria de la Sra. Francisca Rodríguez García, y se ordenara el desahucio de la parte demandada-apelada de la propiedad por detentar su posesión precariamente sin pagar canon alguno. En la alternativa, solicitó que se ordenara a la parte demandada-apelada el pago de un canon de arrendamiento.

El 13 de junio de 2019, el TPI dictó y notificó una *Sentencia Sumaria Parcial*, ordenando el desistimiento de la causa de acción de desahucio en precario, a solicitud de la parte demandada-apelada; y ordenando la conversión del caso al procedimiento ordinario.[8]

El 19 de agosto de 2019, la parte demandada-apelada presentó su *Contestación a Demanda*, en la cual negó las alegaciones en su contra, levantó varias defensas afirmativas, e incluyó una reconvención solicitando la liquidación de la comunidad hereditaria habida entre los miembros de la Sucesión del Sr. William Cruz Rodríguez.[9]

---

[7] En particular, alegó que no compareció para su otorgamiento la codemandante Jesenia Cruz Rodríguez.

[8] Véase, entrada Núm. 8 del expediente digital del Caso Núm. HU2019CV00709 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[9] Apéndice VII de la *Apelación*, págs. 52-53.

Luego de varios trámites procesales, el 17 de diciembre de 2021, la parte demandante-apelante presentó una *Moción de Sentencia Sumaria* acompañada de prueba que alegadamente acreditaba la inexistencia de una controversia sustancial de hechos materiales para que el tribunal dictara sentencia sumariamente sobre la totalidad de las reclamaciones solicitadas en la demanda.[10]

El 25 de enero de 2022, la parte demandada-apelada presentó su *Oposición a Solicitud de que se Dicte Sentencia Sumaria.*[11] En su moción, la parte demandada-apelada se opuso a la solicitud de la parte demandante-apelante alegando que existían hechos materiales en controversia que impedían su resolución sumaria de la reclamación. En lo pertinente, alegó que la propiedad objeto en controversia fue adquirida en parte por dinero de la Sociedad Legal de Bienes Gananciales compuesta por el Sr. Guadalupe Cruz Santana y la Sra. Francisca Rodríguez García y la otra parte por una herencia dejada a la Sra. Francisca Rodríguez García; que el Sr. William Cruz Rodríguez aportó una suma de dinero sustancial para la construcción de la segunda planta de la casa; que el negocio jurídico de cesión de derecho de superficie celebrado entre el Sr. William Cruz Rodríguez y el Sr. Guadalupe Cruz Santana no era nulo y que la parte demandante-apelante no tenía evidencia sustancial para sostener dicha alegación, y que además existía una tercera planta que se encontraba en la parte posterior de la propiedad, la cual el Sr. Guadalupe Cruz Santana y la Sra. Francisca Rodríguez García le habían donado a la Sra. Jesenia Cruz Rodríguez.

El 25 de abril de 2022, el TPI dictó y notificó la *Sentencia Sumaria Parcial* apelada declarando Ha Lugar la *Moción de Solicitud de Sentencia Sumaria* presentada el 17 de diciembre de 2021 por la

---

[10] Apéndice VIII de la *Apelación,* págs. 54-69.
[11] Apéndice IX de la *Apelación,* págs. 145-155.

parte demandante-apelante en cuanto a la causa de acción de sentencia declaratoria; y No Ha Lugar en cuanto a la solicitud de liquidación de la comunidad hereditaria de la Sra. Francisca Rodríguez García.[12] En su dictamen, el TPI formuló las siguientes determinaciones de hechos materiales incontrovertidos:

> "1. El Sr. Guadalupe Cruz Santana y la Sra. Francisca Rodríguez García estaban casados al momento del fallecimiento de la causante Rodríguez García.
> 2. La Sra. Francisca Rodríguez García y el Sr. Guadalupe Cruz Santana adquirieron durante su matrimonio la siguiente propiedad inmueble:
> RUSTICA; Solar número uno sito en el Barrio Arenas de Las Piedras, Puerto Rico, con una cabida superficial de cuatrocientos treinta y seis metros con treinta y siete centímetros cuadrados (436.37 mc), en lindes por el Norte en ocho (8) metros con la finca principal por el Sur en catorce metros (14) con Solar ¨B¨; por el Este en treinta y nueve metros con cuarenta y cuatro centímetros (39.44) con remanente de la finca principal y por el Oeste en treinta y nueve metros con sesenta y siete centímetros (39.67) con solar número dos.
> 3. La Propiedad Inmueble fue adquirida por el matrimonio Cruz Rodríguez mediante escritura número diecinueve (19) sobre Cesión de acciones y Derecho y División de Comunidad otorgada el 20 de marzo de 1983, ante el Notario Manuel Medina Delgado.
> 4. La Propiedad Inmueble se le adjudicó al matrimonio Cruz-Rodríguez de la siguiente forma, la mitad del valor en pago de la participación hereditaria de la causante Francisca García y la otra mitad al matrimonio Cruz Rodríguez mediante compraventa.
> 5. La participación de la causante Francisca Rodríguez García en la Propiedad Inmueble es de 75% de su valor. Dicho por ciento se distribuye de la siguiente forma: 50% privativamente y la mitad del 50% que le pertenece a la comunidad post ganancial, es decir el 25%.
> 6. El Sr. Guadalupe Cruz Santana tiene una participación equivalente a la mitad del 50% que le pertenece a la comunidad post ganancial, es decir el 25% de la totalidad del valor de la propiedad.
> 7. El Sr. Guadalupe Cruz Santana, mediante su mano de obra, construyó la primera planta que enclava en la Propiedad Inmueble.
> 8. El matrimonio Cruz-Rodríguez adquirió un pagaré hipotecario que gravaba la Propiedad Inmueble para el 24 de mayo de 1996 para hacer mejoras a la primera planta y completar la construcción de la segunda planta.
> 9. La causante Francisca Rodríguez García falleció intestada el 8 de abril de 2005.
> 10. El Tribunal de Primera Instancia, Sala de Humacao, declaró, mediante Resolución dictada el 16 de noviembre de 2005, como únicos herederos de la

---

[12] Apéndice I de la *Apelación*, págs. 1- 23.

causante Francisca Rodríguez García a sus dos hijos, William Cruz Rodríguez y Yesenia Cruz Rodríguez, y al Sr. Guadalupe Cruz Santana en la cuota viudal usufructuaria.

11. El Departamento de Hacienda emitió el Certificado de cancelación de gravamen contributivo (Certificado) de la causante Francisca Rodríguez García el 2 de febrero de 2006.

12. En la Propiedad Inmueble enclava una estructura destinada para residencia. A su vez, en la superficie se edificó una segunda estructura residencial independiente de la primera.

13. En la Propiedad Inmueble existe una tercera residencia, la cual fue construida por el codemandante, Sr. Guadalupe Cruz, para el beneficio de la codemandante, Sra. Yesenia Cruz Rodríguez.

14. La Administración de Reglamentos y Permisos (ARPE) autorizó la construcción de la segunda planta mediante Notificación de Aprobación de permisos de construcción con fecha del 29 de noviembre de 1995, dirigida al Sr. Guadalupe Cruz por conducto del Ingeniero Juan R. Castro.

15. Las estructuras residenciales que enclavan en la Propiedad Inmueble no surgen del Registro de la Propiedad. 16. La mano de obra de la segunda planta fue realizada por el Sr. Guadalupe Cruz Santana.

17. El Sr. William Cruz Rodríguez aportó dinero para la construcción de la segunda planta.

18. El matrimonio Cruz-Rodríguez autorizó al matrimonio compuesto por el causante William Cruz y Maritza Mojica (Cruz Mojica) a vivir en la segunda planta junto a su hija primogénita.

19. A la fecha en que el matrimonio Cruz-Mojica ocupó la segunda planta, la construcción de la estructura no había finalizado.

20. El matrimonio Cruz-Rodríguez aportó dinero para la construcción de la segunda planta.

21. El Sr. William Cruz Rodríguez falleció con posterioridad a la causante Francisca Rodríguez García.

22. El Sr. William Cruz Rodríguez y la codemandada, Sra. Maritza Mojica comenzaron su relación sentimental cuando el Sr. William Cruz Rodríguez tenía la edad de 17 años.

23. El causante William Cruz Rodríguez falleció intestado el 12 de noviembre de 2016.

24. Al momento del fallecimiento del causante William Cruz Rodríguez, este se encontraba casado legalmente con la codemandante, Sra. Maritza Mojica Sanabria.

25. El Tribunal de Primera Instancia, Sala de Humacao, mediante Resolución dictada el 2 de marzo de 2017 en el caso HICI201700130, declaró únicos y universales herederos del causante William Cruz Rodríguez a sus hijos: Kristelle Marie y William Gabriel, ambos de apellidos Cruz Mojica, y a su viuda, Maritza Mojica Sanabria en la cuota viudal usufructuaria.

26. El Sr. Guadalupe Cruz Santana y el causante William Cruz Rodríguez otorgaron una escritura sobre cesión de derecho de superficie sobre la Propiedad Inmueble el día 20 de febrero de 2010, ante la Notaria Roxanna I. Soto Aguilú.

27. A la fecha de la escritura sobre Cesión de derecho de superficie sobre la Propiedad Inmueble el Sr. William Cruz Rodríguez se encontraba casado.

28. A la escritura de cesión de derechos de superficie no compareció la Sra. Yesenia Cruz Rodríguez.

29. A la escritura de cesión de derechos de superficie no compareció la codemandada, Sra. Maritza Mojica.

30. Uno de los propósitos principales para otorgar la escritura de cesión de derecho de superficie sobre la Propiedad Inmueble fue separar la estructura y evitar el pago del Centro de Recaudaciones e Impuestos Municipales (CRIM).

31. Conforme la escritura número cuatro del 20 de febrero de 2010, autorizada por la Notaria Roxanna Soto Aguilú y otorgada por el Sr. Guadalupe Cruz Santana y el Sr. William Cruz Rodríguez, bajo la fe notarial la Notaria autorizante acreditó que ambos comparecientes leyeron por sí la escritura otorgada."[13]

Además, el TPI formuló las determinaciones de hechos materiales controvertidos siguientes:

"1. La fecha en que comenzó y finalizó la construcción de la segunda planta que enclava en la Propiedad Inmueble.

2. La cantidad de dinero [que] aportó el Sr. William Cruz Rodríguez para la construcción de la segunda planta.

3. La cantidad de dinero [que] aportó el matrimonio Cruz-Rodríguez para la construcción de la segunda planta.

4. El inventario de todos los activos y pasivos perteneciente a la Sra. Francisca Rodríguez García al momento de su fallecimiento.

5. El valor del caudal hereditario de la sucesión de Francisca Rodríguez García, sujeto a liquidación de comunidad de bienes.

6. Determinar a cuánto asciende la cuota viudal usufructuaria a favor del Sr. Guadalupe Cruz Santana.

7. Determinar si la tercera residencia que enclava en la Propiedad Inmueble pertenece a la comunidad hereditaria o es un activo privativo de la codemandante, Sra. Yesenia Cruz Rodríguez.

8. Si el costo de la construcción de la tercera residencia es colacionable."[14]

Luego de analizadas las controversias, el TPI concluyó lo siguiente:

"[E]stamos ante un negocio jurídico donde se requería el dominio de la Propiedad Inmueble, el que surge como hecho incontrovertido que no le pertenecía exclusivamente al Sr. Guadalupe Cruz para este disponer de la propiedad. Ante la actuación ultra vires del Sr. Guadalupe, para que el negocio jurídico celebrado cobre eficacia corresponde la ratificación por parte de la Sra. Yesenia Cruz Rodríguez.

---

[13] *Íd.*

[14] *Íd.*

Sin embargo, resulta evidente que en esta ocasión no hay espacio para una ratificación por parte de la Sra. Yesenia Cruz Rodríguez por ser esta parte demandante quien solicita la nulidad del negocio jurídico. Por lo tanto, al no haberse transmitido eficazmente el dominio del derecho de superficie, declaramos el negocio jurídico nulo."[15]

Por otra parte, en cuanto a la causa de acción de liquidación de comunidad hereditaria, el TPI concluyó lo siguiente:

"[L]os demandantes no demostraron la inexistencia de controversia en cuanto al caudal hereditario sujeto a liquidación perteneciente a la sucesión de Francisca Rodríguez García, por lo que no colocó al Tribunal en posición de poder disponer de esta causa de acción por la vía sumaria. Conforme con lo anteriormente discutido, se determina la necesidad de celebrar una vista evidenciaria para disponer de la acción de liquidación de comunidad hereditaria, en la cual las partes tengan la oportunidad de presentar evidencia fehaciente sobre aquellos aspectos medulares que están en controversia y de los cuales no se puede pasar juicio bajo el mecanismo que provee la Regla 36 de Procedimiento Civil."[16]

El 26 de abril de 2022, la parte demandante-apelante presentó una *Moción en Reconsideración solo a varias Determinaciones Contenidas en su Sentencia Sumaria Parcial y Solicitud de Vista para su Discusión*,[17] la cual fue declarada No Ha Lugar por el TPI el 21 de noviembre de 2023.

Inconforme con la determinación del TPI, la parte demandante-apelante acudió el 18 de diciembre de 2023 ante nos mediante un recurso de *Apelación*, en el que señala los errores siguientes:

**Primer Error**: Erró y abusó de su discreción el TPI al emitir las Determinaciones de Hecho Cuatro (4), Cinco (5), Seis (6), Trece (13) y Diecisiete (17) por cuanto todas son inconsistentes y contrarias a los hechos estipulados por las partes al contestar las alegaciones, y los hechos que surgen de los documentos que se acompañaron en la sentencia sumaria y a las declaraciones bajo juramento acumuladas y no refutadas. Pues, de las escrituras de compra, e hipoteca de los demás documentos y admisiones bajo juramento es evidente que la propiedad fue adquirida de forma ganancial y no

---

[15] *Íd,* en la pág.19.
[16] Apéndice I de la *Apelación*, págs. 1- 23.
[17] Apéndice II de la *Apelación,* págs. 24-43.

como erróneamente concluye en las determinaciones, Cinco (5), Seis (6), Trece (13), Diecisiete (17) y Veinte (20). Pues la única propiedad comunal (que es la de dos plantas) fue edificada en su totalidad por la sociedad legal de gananciales compuesta por los esposos Guadalupe Cruz y Francisca [Rodríguez García]; sin ninguna aportación de su hijo William Cruz Rodríguez.

**Segundo Error**: Al no considerar la norma sobre accesión a la inversa, que es de aplicación al presente caso; siendo lo único privativo aportado por la señora González Rivera fue de $1,000.00 reconocidos como crédito hereditario al comprar.

**Tercer Error**: Cuando se examina la demanda enmendada que gobierna el caso (Apéndice VI, paginas 49-51), y particularmente la contestación ofrecida por los apelados (Apéndice VII páginas 52-53) y la valoración o tasación por el perito judicial estipulada (Apéndice VIII, páginas 132-142) la única estructura objeto de herencia y objeto de litigio lo es la estructura de dos plantas. Por tanto, resulta evidente que la estructura que alude el TPI en su determinación de hechos Trece (13), no forma parte de la controversia en este caso, por lo que erró.

**Cuarto Error**: De la declaración jurada de Don Guadalupe, (Apéndice VIII, páginas 71-74), de la prueba documental no refutada que acompaño a la Moción de Sentencia Sumaria, (Apéndice páginas 75-124 y 132-144) y las admisiones bajo juramento en deposición de la co-apelada, Maritza Mojica Sanabria (Apéndice VIII, páginas 200-221 (hechos reiterados en mociones posteriores según relacionado), surge inequívocamente que no existe prueba alguna de aportación económica de William Cruz Rodríguez, según se desprende de la prueba, hechos y prueba que no consideró el TPI en su sentencia.

**Quinto Error**: Erró y abusó de su discreción el TPI particularmente el nuevo juez nombrado, al no referir el asunto a la juez Rendón, quien emitió la sentencia parcial persona que sigue siendo juez aun cuando sea de otra jurisdicción o sala; pues, recibió el insumo oral en vista argumentativa de las partes y estaba en mejor posición de resolver el asunto y al no cumplirse con la obligación que tiene el Tribunal bajo la Regla 36.4 y la norma aplicable.

El 7 de febrero de 2024 la parte demandada-apelada presentó su *Alegato de la Parte Apelada.*

Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, regula todo lo relacionado a la moción de sentencia sumaria. Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. *Acevedo y otros v. Depto. Hacienda y otros*, 2023 TSPR 80, 212 DPR ___ (2023); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018).

El propósito que se persigue con el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 335; *León Torres v. Rivera Lebrón*, supra, pág. 43. Para ello, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. Véase, también, *León Torres v. Rivera Lebrón*, supra, pág. 43.

La Regla 36.3 (e) de Procedimiento Civil, supra, dispone que la sentencia sumaria solicitada será dictada inmediatamente:

> "si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente." Véase, además, *Rodríguez García v. UCA*, supra; *Roldán Flores v. M. Cuebas*, supra.

Como regla general, una moción de sentencia sumaria no procederá cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. *Fernández-Bernal v. RAD-MAN et al.*, supra, págs. 335-336; *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 167 (2011). De igual forma, es también norma reiterada que el mecanismo de sentencia sumaria no es el adecuado cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Velázquez Ortiz v. Mun. De Humacao*, 197 DPR 656 (2017); *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 219(2010).

La Regla 36.4 de Procedimiento Civil, *supra*, regula que ocurre cuando no se dicta una sentencia sumaria en su totalidad, sobre la misma expone:

> "Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.
> A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno."

Es importante puntualizar que, al momento de atender una solicitud de revisión de sentencia sumaria, los foros apelativos estamos llamados a "examinar el expediente de novo y verificar que

las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 338 citando a *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020). En ese proceder, y de encontrar que los hechos materiales realmente están incontrovertidos, nos corresponde entonces revisar si el foro primario aplicó correctamente el Derecho. *Fernández-Bernal v. RAD-MAN et al.*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019).

**B.**

Los bienes privativos son todos aquellos bienes que fueron aportados al matrimonio o aquellos que fueron adquiridos mediante título gratuito u oneroso con otros bienes pertenecientes exclusivamente a uno de los cónyuges. R. Serrano Geyls, *Derecho de Familia de Puerto Rico y Legislación Comparada,* 1ra ed. San Juan, Programa de Educación Jurídica Continua Universidad Interamericana de Puerto Rico Facultad de Derecho, 1997, Vol. I, pág. 339. Respecto a que se considera bienes privativos, el Artículo 1299 del Código Civil de 1930, 31 LPRA sec. 3631[18], expresa que:

> "Son bienes propios de cada uno de los cónyuges:
> (1) Los que aporte al matrimonio como de su pertenencia.
> (2) **Los que adquiera durante él, por título lucrativo, sea por donación, legado o herencia.**
> (3) Los adquiridos por derecho de retracto o por permuta con otros bienes, pertenecientes a uno solo de los cónyuges.
> (4) Los comprados con dinero exclusivo de la mujer o del marido." (Énfasis suplido)

Por otra parte, en la Sociedad Legal de Bienes Gananciales (en adelante, SLG) los cónyuges son dueños y administradores en conjunto de la totalidad del patrimonio matrimonial, compuesta por

---

[18] El "Código Civil de Puerto Rico", Edición de 1930, fue derogado y sustituido por la Ley Núm. 55-2020, según emendada, conocida como *"Código Civil de Puerto Rico" de 2020,* 31 LPRA sec. 5311 *et seq.* No obstante, los hechos que originan la presente controversia tomaron lugar durante la vigencia del código anterior, por lo cual esta es la ley que aplica al caso.

bienes y derechos, sin algún tipo de distinción en cuotas. *Montalván v. Rodríguez,* 161 DPR 411, 420 (2004). El Artículo 1295 del Código Civil de 1930, 31 LPRA sec.3621, dispone que en la SLG "los cónyuges harán suyos por mitad, al disolverse la misma, las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante la sociedad".

La SLG concluye al disolverse el matrimonio por razón de la muerte de uno de los cónyuges, el divorcio o declaración de nulidad de un matrimonio. Artículos 95, 1315 y 1328 del Código Civil de 1930, 31 LPRA secs. 301, 3681 y 3712.[19] Como producto de dicha disolución se crea una Comunidad de Bienes Post Ganancial, que subsiste hasta el momento en que se liquide o se divida la comunidad. (citas omitidas) *Island Holdings v. Sucn. Hernández Ramírez,* 201 DPR 1026, 1034 (2019). Existen ocasiones en donde coincide la liquidación de una Comunidad de Bienes Post Ganancial y la liquidación de una Comunidad Hereditaria, sobre dicho aspecto el Tribunal Supremo se ha expresado, de la siguiente manera:

> "Antes de liquidar la Comunidad de Bienes Postganancial es necesario determinar cuáles bienes son privativos y cuáles son gananciales. De ese modo, se identifican los bienes privativos que corresponden a cada cónyuge y se establecen las responsabilidades imputables al caudal común, así como aquellas que se hayan utilizado para beneficio exclusivo de uno de los comuneros. No es hasta la liquidación de la Comunidad de Bienes Postganancial, proceso que requiere la formación de un inventario, el avalúo y la tasación de los bienes, así como el pago de las obligaciones de la extinta sociedad de gananciales, que se puede dividir y adjudicar la ganancia o sobrante entre los excónyuges o sus correspondientes herederos.
> [...]
> Cuando coincidan una Comunidad de Bienes Postganancial y una Comunidad Hereditaria, procede liquidar primero la Comunidad de Bienes Postganancial y luego la Comunidad Hereditaria." (citas omitidas) *Island Holdings v. Sucn. Hernández Ramírez,* supra.

**C.**

El Artículo 287 del Código Civil de 1930, 31 LPRA sec.1131, regula lo relacionado a la figura de accesión. Este Artículo dispone que:

> "La propiedad de los bienes, ya sean muebles o inmuebles, lleva consigo el derecho por accesión, a todo lo que ellos producen, o se les une o incorpora, natural o artificialmente."

Respecto a los bienes inmuebles, el Artículo 294 del Código Civil de 1930, 31 LPRA sec.1131, dispone que:

> "Lo edificado, plantado o sembrado en predios ajenos y las mejoras o reparaciones hechas en ellos, pertenecen al dueño de los mismos, con sujeción a lo que se dispone en los artículos siguientes."

No obstante, a lo dispuesto anteriormente, se ha reconocido en nuestro ordenamiento jurídico que existe la figura de accesión a la inversa. *Calvo Mangas v. Aragonés Jiménez,* 115 DPR 219 (1984). Cuando nos encontramos en el supuesto donde la figura de accesión a la inversa es utilizada entre cónyuges, el Artículo 1304 del Código Civil de 1930, 31 LPRA sec.3644, dispone que:

> "Las expensas útiles, hechas en los bienes peculiares de cualquiera de los cónyuges mediante anticipaciones de la sociedad o por la industria del marido o de la mujer, son gananciales.
> Lo serán también los edificios construidos durante el matrimonio en suelo propio de uno de los cónyuges, abonándose el valor del suelo al cónyuge a quien pertenezca."

El Tribunal Supremo ha interpretado la normativa anteriormente esbozada de la siguiente manera:

> "Como norma general las edificaciones son accesorias al suelo. Bajo esta premisa, si se construyen a costa de la sociedad legal de gananciales serían del cónyuge dueño del solar conforme el primer párrafo del precepto. Sin embargo, según su segundo párrafo estos edificios son gananciales y se abona el valor del terreno al cónyuge propietario del suelo. O sea, la sociedad de gananciales, que es la propietaria de la edificación, adquiere el terreno." (citas omitidas) *Calvo Mangas v. Aragones Jimenez,* supra, en la pág.222.

**III.**

En su recurso de *Apelación*, la parte demandante-apelante señala, en esencia, que erró el TPI al formular determinaciones de hechos que establecen que la propiedad objeto del presente pleito fue adquirida por conducto de una herencia privativa de la fenecida Sra. Francisca Rodríguez García y de dinero aportado por la Sociedad de Bienes Gananciales que estaba compuesta entre el Sr. Guadalupe Cruz Santana y la Sra. Francisca Rodríguez García y al no utilizar la doctrina de accesión a la inversa para determinar que la propiedad era completamente de naturaleza ganancial. Además, señala que erró el foro primario al haber formulado determinaciones de hechos que establecen que el fenecido Sr. William Cruz Rodríguez aportó dinero para la edificación del segundo plantel de la propiedad. Por estar relacionados todos los señalamientos de error, procedemos a atenderlos en conjunto.

Examinada *de novo* la *Moción de Sentencia Sumaria* y su *Oposición a Solicitud de Sentencia Sumaria*, acogemos las determinaciones de hechos no controvertidos formuladas por el TPI por entender que estas se sostienen en la prueba presentadas por las partes.[20] A base de estas determinaciones, concluimos que, tal y como resolvió el TPI, procedía la resolución sumaria de la causa de acción sobre sentencia declaratoria.

Como bien resolvió el foro primario, procedía disponer por la vía sumaria de la causa de acción sobre sentencia declaratoria, pues el negocio jurídico de cesión de derecho de superficie[21] celebrado entre el Sr. Guadalupe Cruz Santana y su fenecido hijo, Sr. William Cruz Rodríguez, era nulo. Al tratarse de un acto de disposición de un bien que formaba parte de una comunidad hereditaria y al no haber comparecido al acto jurídico uno de los herederos llamados a

---

[20] Véase Apéndice VIII de la *Apelación*, págs. 54-69; Apéndice IX de la *Apelación*, págs. 145-155.
[21] Véase Anejo 9 de la *Apelación*, págs. 125-129.

consentir, en este caso la Sra. Jesenia Cruz Rodríguez, no se transmitió eficazmente el derecho de superficie sobre el vuelo de la estructura. Su validez requería el consentimiento de todos sus herederos.[22] Véase *Kogan v. Registrador*, 125 DPR 636, 651-655 (1990). De igual forma, al, la Sra. Jesenia Cruz Rodríguez no haber querido ratificar la escritura de cesión de derecho de superficie, concluimos, al igual que el foro primario, que no se trasmitió eficazmente el derecho de superficie sobre el segundo nivel de la propiedad.[23]

En cuanto a los errores señalados por la parte demandante-apelante alegando que se debió considerar que la propiedad objeto de controversia era de naturaleza ganancial, concluimos que no tienen méritos. Conforme al derecho expuesto, se consideran bienes privativos de un cónyuge aquellos que fueron adquiridos mediante herencia durante la vigencia del matrimonio. Artículo 1299 del Código Civil de 1930, *supra.* Por su parte, la figura de accesión a la inversa opera cuando sobre un solar de carácter privativo se realiza una edificación de carácter ganancial. *Torres Vélez v. Soto Hernández*, 189 DPR 972, 991 (2013).

De la prueba presentadas por las partes surge que la propiedad objeto del presente caso fue adquirida por conducto de una liquidación de herencia adjudicada en su mitad a la Sra. Francisca Rodríguez García y la otra mitad adjudicada a la SLG compuesta por ella y el Sr. Guadalupe Cruz Santana.

Por lo tanto, determinamos que no erró el TPI al formular las determinaciones de hechos materiales incontrovertidos (4), (5) y (6).[24] De igual forma, determinamos no es de aplicación la figura de accesión a la inversa, pues la residencia construida en la segunda

---

[22] Véase Apéndice I de la *Apelación,* en la pág.19.
[23] *Íd.*
[24] Véase Anejo 2 de la *Apelación*, págs. 75-81; Anejo 3 de la *Apelación*, págs. 82-84; Apéndice IX de la *Apelación*, en las págs. 170-172.

planta no era completamente ganancial. Surge de la prueba que el Sr. William Cruz Rodríguez, quien era hijo del Sr. Guadalupe Cruz Santana y la Sra. Francisca Rodríguez García, aportó dinero para la construcción de dicha residencia. Por lo tanto, tampoco erró el foro primario al formular las determinaciones de hechos que establecen que el Sr. William Cruz Rodríguez aportó dinero para la construcción de la residencia del segundo nivel de la propiedad y al concluir que no procedía en derecho aplicar la doctrina de accesión a la inversa.[25]

Finalmente, luego de evaluados los argumentos expuestos por la parte demandante-apelante en su escrito de apelación, entendemos que no tiene méritos el quinto error señalado. El TPI no incidió al no referir la moción de reconsideración a la Juez que atendió la sentencia sumaria, pues la Regla 64 de Procedimiento Civil, 32 LPRA Ap. V, R. 64, permite que otro Juez, distinto al Juez que estaba atendiendo el asunto, actúe en su lugar. Debemos también recalcar que en situaciones donde se sustituyan jueces, otro juez puede actuar en su lugar y si entiende que debe tomar medidas para poder resolver y cumplir con sus funciones, las reglas lo facultan. Regla 64 de Procedimiento Civil, *supra.* Véase, además, *Canon 9 de Ética Judicial de Puerto Rico*, 4 LPRA Ap. IV, B C. 9.

Por lo tanto, en el presente caso, habiendo examinado *de novo* la *Moción de Sentencia Sumaria* y su *Oposición a Solicitud de Sentencia Sumaria* y acogidas las determinaciones de hechos no controvertidos realizadas por el TPI concluimos que procedía que se dictara sentencia sumaria declarando nula la escritura de cesión en cuestión; y que se ordenara a que la causa de acción de liquidación de comunidad hereditaria se dilucidara mediante la celebración de un juicio en su fondo.

---

[25] Véase Anejo 9 de la *Apelación*, págs. 125-129; Apéndice IX de la *Apelación*, en las pág. 173; Anejo 4 de la *Apelación*, en la pág. 213.

**IV.**

Por los fundamentos antes expuestos, se confirma la *Sentencia Sumaria Parcial* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones